CV 15          1550

FILED
CLERK

2015 MAR 25   AM 10: 18

U.S. DISTRICT COURT
EASTERN DISTRICT
OF. NEW YORK

FEUERST...

...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDREW CARROLL,

        Plaintiff,

        -against-

THOMAS C. KRUMPTER, Acting Police
Commissioner, Nassau County, New York

STEVEN E. SKRYNECKI, Chief of
Department, Nassau County Police
Department,

DANIEL P. FLANAGAN, Commanding
Officer, First Precinct, Nassau County Police
Department,

Officer BUDINILIC, Badge No. 3051, First
Precinct, Nassau County Police Department

JOHN DOE, Sargent First Precinct, Nassau
Police Department,

NASSAU COUNTY POLICE
DEPARTMENT,

and

COUNTY OF NASSAU

        Defendants

CIVIL ACTION NO.

COMPLAINT

Jury Trial Demanded

# COMPLAINT

1.     Plaintiff, ANDREW CARROLL, by and through his attorney, Robert T. Bean, files this his COMPLAINT and respectfully sets forth to this Court as follows:

## PRELIMINARY STATEMENT

2.     This action is brought pursuant to the provisions of 42 U.S.C. § 1983 and § 1985 for deprivation of Plaintiff's and other similarly situated persons constitutional rights, including illegal search, seizure, harassment, intentional infliction of emotional distress, intentional conversion of property and the deprivation of his rights to keep and bear arms and denial of due process. The claims include the illegal confiscation of Plaintiff's firearms by members of the Nassau County Police Department and a conspiracy on the part of those persons to prevent the return of said legally owned firearms to the Plaintiff.

## JURY TRIAL DEMANDED

3.     Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

Complaint                                                                                        2

4.      This action arises under the 2nd, 4th, 5th and 14th Amendments to the United States Constitution, under 42 U.S.C §§ 1983, 1985 and 1988.

5.      The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and § 1343(a) (1), (2) and (3) and upon pendent and ancillary jurisdiction.

6.      Venue lies in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

7.      The Plaintiff was and still is a resident citizen of the County of Nassau, State of New York.

8.      Upon information and belief, at all times hereinafter mentioned, Defendant THOMAS C. KRUMPTER is and was the Acting Police Commissioner, Nassau County, New York, whose place of business is in Nassau County, New York.

9.      Upon information and belief, at all times hereinafter mentioned, Defendant STEVEN E. SKRYNECKI was and is Chief of Department, Nassau County Police Department, whose place of business is in Nassau County, New York.

10.     Upon information and belief, at all times hereinafter mentioned, Defendant DANIEL P. FLANAGAN was and is Commanding Officer, First Precinct, Nassau County Police Department, whose place of business is in Nassau County, New York.

11.     Upon information and belief, at all times hereinafter mentioned, Defendant Officer BUDINILIC, Badge No. 3051 was and is a Police Officer, First Precinct, Nassau County Police Department, whose place of business is in Nassau County, New York.

12.     Upon information and belief, at all times hereinafter mentioned, Defendant JOHN DOE, Sargent, was and is a Police Officer, First Precinct, Nassau Police Department, whose name and identities is unknown to Plaintiff and whose places of business is in Nassau County, New York.

13.     At all times relevant hereto, the Defendant NASSAU COUNTY POLICE DEPARTMENT is a law enforcement entity, existing under and pursuant to the laws of the State of New York, and the rules, regulations, statutes and ordinances of the County of Nassau, State of New York that created and operated said police department for the public benefit and protection of its citizens.

14.     Defendant, COUNTY OF NASSAU, is a duly constituted municipal corporation of the State of New York, existing and operating under and by virtue of the laws of the State of New York.

Complaint                                                                                          4

FACTS

15.     On or about September 30, 2014, the Plaintiff ANDREW CARROLL arrived home after work and discovered one of his firearms missing. Plaintiff lived in a separate locked apartment, on the top floor of a house located in Bellmore, Nassau County, New York. His mother also lived in the same house in a basement apartment.

16.     Plaintiff and his mother had a dispute over money Plaintiff allegedly owed his mother. When Plaintiff confronted his mother, she responded that she had entered his apartment, taken the firearm and sold or otherwise disposed of same. Plaintiff became concerned about who may have gained access to his firearm and called the police.

17.     Officer BUDINILIC arrived, waited for backup officers and then questioned the mother in her basement apartment. Plaintiff's mother stated she had not sold the firearm and had it in her apartment and on demand of the officers delivered the firearm to them. The officers, then, without a warrant, searched Plaintiff's apartment and discovered two other firearms and seized them both.

18.     There was no violence, threats of violence or brandishing of weapons. No charges or arrest were made and no Orders of Protection issued. Although Plaintiff's firearms

were secured by action locks and in his locked apartment, following this incident, Plaintiff obtained a steel gun safe to better secure his firearms.

19.     Plaintiff has advised the police that he has purchased the gun safe to better secure his firearms and requested the return of the firearms. Defendants have failed and refused to return his firearms and have not instituted any process or procedure for the return of his firearms.

20.     On information and belief, it is the policy of the Defendant NASSAU COUNTY POLICE DEPARTMENT to confiscate all firearms with regard to any domestic disturbance call, whether such call is valid or not, even if there were no violence, no threats of violence and no brandishing of weapons, and once confiscated to prevent the return of such firearms on any pretense that can be imagined and either destroying said firearms or converting them to the Department's use without compensation to the owner.


COUNT ONE

(Right to Keep and Bear Arms)


21.     Paragraphs 1 through 20 are realleged and incorporated herein as if they are fully set forth.


22.     The Second Amendment to the United States Constitution, which applies to the States and subdivisions thereof through the Fourteenth Amendment, provides: "A well

Complaint                                                                                          6

regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

23.     The above-described acts of Defendants ordering the confiscation of the firearms of Plaintiff, and other similarly situated persons, and actually confiscating same and failing to return same to their owners abridged and infringed on the right of the Plaintiff and other similarly situated persons to keep and bear arms in violation of 2nd and 14th Amendments to the United States Constitution.

## COUNT TWO
### (Due Process)

24.     Paragraphs 1 through 23 are realleged and incorporated herein as if they are fully set forth.

25.     The Fifth and Fourteenth Amendments to the United States Constitution provide that no State shall deprive any person of life, liberty, or property without due process of law.

26.     The firearms confiscated by Defendants constituted private property that were lawfully possessed by Plaintiff pursuant to State and Federal law. Moreover, the manner in which Plaintiff kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

Complaint

27.     In confiscating Plaintiff's firearms without cause, with no procedure for judicial

review, without time limits to return said personal property or show cause why they

should not be returned, Plaintiff has been deprived of due process of law and in violation

of the Order and Decision of this Court in *Razzano v. County of Nassau*, No. 07-cv-3983,

reported 765 F. Supp. 2d. 176 (Feb. 28, 2011) that required at least a prompt post-

deprivation hearing in such situations.


## COUNT FOUR
### (Search and Seizure)


28.     Paragraphs 1 through 27 are realleged and incorporated herein as if they are fully

set forth.


29.     The Fourth Amendment to the United States Constitution, which applies to the

States through the Fourteenth Amendment, provides in part that "the right of the people

to be secure in their persons, houses, papers and effects, against unreasonable searches

and seizures, shall not be violated . . ."


30.     As stated above, Defendant BUDINILIC, and another, referred to herein as JOHN

DOE, Police Officers, First Precinct, Nassau Police Department, pursuant to "department

policy" demanded that Plaintiff turn over to them all firearms, where upon, after threats

of arrest and criminal prosecution, Plaintiff, against his will and while under duress

allowed said armed officers to search for and confiscate all firearms legally owned and

Complaint                                                                                  8

possessed by Plaintiff. Such search and seizures were made without probable cause, and without a warrant.

31.     The above described acts violated the rights of the Plaintiff to be secure in his person and house against unreasonable searches and seizures in violation of the 4th and 14th Amendments of the United States Constitution.

## COUNT FIVE

### (Monell Claim)

32.     Paragraphs 1 through 31 are realleged and incorporated herein as if they are fully set forth.

33.     The Plaintiff was deprived of his constitutional rights as set forth above as a result of the policy of the Nassau County Police Department to confiscate all firearms in the event of any domestic incident when there is a police presence.

34.     The Nassau County Police Department is an agency of the County of Nassau and the Chief of Police of the Nassau County Police Department and the Commissioner of Police of Nassau County are charged with the duty of devising and implementing department policies. Said officials directed and ordered members of the Nassau County Police Department to execute said confiscation policy.

35. The County of Nassau through the aforesaid officials implemented, continued and/or ratified the aforesaid gun confiscation policy. The District Attorney, County Attorney, County Executive and/or Legislature are and were aware of the gun confiscation policy and approved, continued and/or ratified same thereby approving and causing the denial of Plaintiff's Constitutional rights under the 2nd, 4th, 5th and 14th Amendments of the United States Constitution.

36. The County of Nassau, through it's Commissioner of Police, Chief of the Nassau County Police Department, District Attorney, County Attorney, County Executive and/or Legislature, with knowledge of this Court's Decision in *Razzano v. County of Nassau* intentionally failed and refused to implement prompt post deprivation procedures before a neutral judge, thereby causing, ratifying and/or approving the denial of plaintiffs' constitutional rights to due process under the 5th and 14th Amendments of the United States Constitution.

37. As a result of aforesaid longstanding governmental policy, which resulted in the denial of Plaintiff's constitutional rights, the County of Nassau is liable to the Plaintiff for monetary damages and injunctive relief.

COUNT SIX
(Conversion)

38. Paragraphs 1 through 37 are realleged and incorporated herein as if they are fully set forth.

39.     By the above acts the defendants intentionally converted the Plaintiffs' property valued in excess of four thousand five hundred dollars ($4,500.00), to their and/or the departments own use, to the detriment of plaintiff, as a result of which, the plaintiff is damaged in the above amount and is entitled to punitive damages in the amount of one million dollars ($1,000,000.00).

## COUNT SEVEN
### (Intentional Infliction of Emotional Distress)

40.     Paragraphs 1 through 39 are realleged and incorporated herein as if they are fully set forth.

41.     Plaintiff enjoys shooting sports, lawful activities in which he engages with his firearms. He also maintains said firearm for the purpose of protection in the home. The Defendants' confiscation of his firearms, deprivation of his property and retaining possession thereof, denial of means of protection and the intentional violation of Plaintiffs' constitutional rights resulted in the intentional infliction of emotional distress.

42.     Plaintiff conveyed said facts to Defendants in an effort to have his firearms returned, but knowing plaintiff's desires, Defendants still refused and failed to return Plaintiff's property. As a result of said actions plaintiff is entitled to compensatory damages in the amount of one million dollars ($1,000,000.00) and punitive damages in the amount of one million dollars ($1,000,000.00).

Complaint                                                                                                  11

WHEREFORE, Plaintiff prays that the Court:

1.    Issue a temporary restraining order and preliminary and permanent injunctions:

    (a)    ordering the Defendants to cease and desist its policy of confiscation of all firearms and pistol licenses with regard to any domestic disturbance call except in cases where there is confirmed evidence of violence or threats of violence and incontrovertible evidence of danger of immediate and serious harm,  or where a crime has been committed;

    (b)    institute a procedure, in the event of confiscation, setting forth a reasonable deadline for the return of the firearms and pistol license to their owner (not more than ten days), and if not returned by said deadline, a procedure for a hearing before a judicial officer as to the lawful reasons for retaining said firearms, with defendant having the burden of proof thereof.

2.    Render judgment against defendants as follows:

    (a)    On each Count in such sums as may be determined upon the trial of this action, including, but not limited to actual and punitive damages;

    (b)    For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with cost and disbursements; and

(c)    For such other and further relief as this Court may deem just and proper.


Dated: Brooklyn, New York
        March 25, 2015

                                          Robert T. Bean (RB 4464)
                                          Attorney for the Plaintiff
                                          Law Office of Robert T. Bean
                                          3033 Brighton 3rd Street
                                          Brooklyn, New York 11235
                                           (718) 616-1414
                                          E-Mail: RBeanlaw@aol.com


Complaint                                                              13