UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

ANDREW CARROLL,

                            Plaintiff,

            -against-

THOMAS C. KRUMPTER, Acting Police Commissioner,
Nassau County, New York, STEVEN E. SKRYNECKI,
Chief of Department, Nassau County Police Department,
DANIEL P. FLANAGAN, Commanding Officer, First
Precinct, Nassau County Police Department, OFFICER
BUDLINIC, First Precinct, Nassau County Police
Department, OFFICER JOHN, and COUNTY OF
NASSAU,

                            Defendants.
---------------------------------------------------------------------- X

**15-CV-1550
(ADS) (ARL)**

**ANSWER TO
COMPLAINT**

      Defendants Thomas C. Krumpter ("Krumpter"), Steven E. Skrynecki

("Skrynecki"), Daniel P. Flanagan ("Flanagan"), Officer Budilinic ("Budilinic"), and

County of Nassau, (hereinafter referred to collectively as "County Defendants"), by their

attorney, Carnell T. Foskey, Nassau County Attorney, by Diane C. Petillo, Deputy

County Attorney, as and for their Answer the Complaint (hereinafter referred to as the

"Complaint") of plaintiff, Andrew Carroll, state upon information and belief, as follows:

<u>**AS AND FOR AN ANSWER TO SECTION:**</u>
<u>**AMENDED COMPLAINT**</u>

      1.    Deny the allegations set forth in paragraph "1" of the Complaint and

respectfully refer all questions of law to the Court.

<u>**AS AND FOR AN ANSWER TO SECTION:**</u>
<u>**PRELIMINARY STATEMENT**</u>

      2.    Deny the allegations set forth in paragraph "2" of the Complaint and

respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO SECTION:**
**JURY TRIAL DEMANDED**

3.      In response to paragraph "3" of the Complaint, in which plaintiff demands trial by jury, defendants waive their right to trial by jury, and respectfully request that this action be tried to the Court.

**AS AND FOR AN ANSWER TO SECTION:**
**JURISDICTION AND VENUE**

4.      Deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer all questions of law to the Court.

5.      Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer all questions of law to the Court.

6.      Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO SECTION:**
**PARTIES**

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except aver that defendant Krumpter is a member of the Nassau County Police Department.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except aver that defendant Skrynecki is a member of the Nassau County Police Department.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except aver that defendant Flanagan is a member of the Nassau County Police Department.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except aver that defendant Budinilic is a member of the Nassau County Police Department.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, respectfully refer the Court to the laws, statutes and ordinances referred to therein for their true text and import, and aver that defendant Nassau County Police Department is an administrative agency of the County of Nassau, and as such is a non-suable entity.

14.     Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except aver that the County of Nassau is a municipal corporation.

### AS AND FOR AN ANSWER TO SECTION:
### FACTS

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

**AS AND FOR AN ANSWER TO SECTION: COUNT TWO**
**(Right to Keep and Bear Arms)**

21.     Answering paragraph "21" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "20" of the Complaint as though fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, and respectfully refer all questions of law to the Court.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

**AS AND FOR AN ANSWER TO SECTION: COUNT TWO**
**(Due Process0)**

24.     Answering paragraph "24" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "23" of the Complaint as though fully set forth herein.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, and respectfully refer all questions of law to the Court.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, and respectfully refer all questions of law to the Court.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO SECTION: COUNT THREE

The Complaint did not include "COUNT THREE", therefore, no response is required.

## AS AND FOR AN ANSWER TO SECTION: COUNT FOUR
### (Search and Seizure)

28.     Answering paragraph "28" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "27" of the Complaint as though fully set forth herein.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, and respectfully refer all questions of law to the Court.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT FIVE
### (Monell Claim)

32.     Answering paragraph "32" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "31" of the Complaint as though fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny knowledge of information to form a belief as to the allegations set forth in paragraph "34" of the Complaint and respectfully refer all questions of law to the Court.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT SIX
### (Conversion)

38.    Answering paragraph "38" of the Complaint, defendants repeat and re-aver each and every response herein to paragraphs "1" through "37" of the Complaint as though fully set forth herein.

39.    Deny the allegations set forth in paragraph "39" of the Complaint.

## AS AND FOR AN ANSWER TO SECTION: COUNT SEVEN
### (Intentional Infliction of Emotional Distress)

40.    Answering paragraph "40" of the Complaint, County Defendants repeat and re-aver each and every response herein to paragraphs "1" through "40" of the Complaint as though fully set forth herein.

41.    Deny the allegations set forth in paragraph "41" of the Complaint.

42.    Deny the allegations set forth in paragraph "42" of the Complaint.

## AFFIRMATIVE DEFENSES

43.    The Complaint fails to state a cause of action upon which relief can be granted.

44.    Plaintiff has not complied with Section 50-e and/or 50-h and/or 50-i of the General Municipal Law of the State of New York.

45.    Plaintiff has not complied with Section 52 of County Law of the State of New York.

46.    Plaintiff has failed to mitigate his damages in this matter.

47.    That at all times herein mentioned and mentioned in the Complaint, the peace officers, and/or agents, servants or employees of the defendant County of Nassau, having anything to do with the plaintiff were in the performance of their respective duties

as peace officers, and/or agents, servants or employees of the defendant County of Nassau; that all of the acts performed by each peace officer, and/or agent, servant or employee of the defendant County of Nassau in connection with plaintiff were performed in good faith, without malice, and with reasonable and proper cause in the ordinary course of their duties as such peace officers, and/or agents, servants or employees of the defendant County of Nassau, and as peace officers of the State of New York, and as required by them and each of them by reason of plaintiff's conduct and the conduct of plaintiff's immediate family members including, but not limited to, his wife and son.

48.      Pursuant the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) and its progeny, the alleged acts or omissions of County Defendants named in the   Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of *respondeat superior* and, consequently, defendant County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or the acts or conduct of any agent, servant or employee of defendant County of Nassau with respect to any and all claims brought pursuant to 42 U.S.C. § 1983, as a matter of law.

49.      The actions complained of were in full accord with the applicable law.

50.      Plaintiff's constitutional and statutory rights have not been violated by the defendants herein.

51.      The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

52.    The alleged acts or omissions of the defendants were not the proximate cause of any injuries or damages incurred by plaintiff.  Any injuries or damages incurred by plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of defendants.

53.    Punitive damages may not be recovered against the County of Nassau as a matter of law.

54.    If the plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent, reckless and/or wrongful conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of defendants contributing thereto.

**WHEREFORE,** Defendants County of Nassau, Thomas C. Krumpter, Steven E. Skrynecki, Daniel P. Flanagan, and Officer Budinilic demand judgment dismissing the Complaint in its entirety, with prejudice, together with the costs and disbursements of this action, and such other relief as deemed just by the Court.

Dated:  Mineola, New York
       May 11, 2015

                        CARNELL T. FOSKEY
                        Nassau County Attorney
                        Attorney for Defendants
                        By: /s/ Diane C. Petillo
                          DIANE C. PETILLO
                        Deputy County Attorney
                        One West Street
                        Mineola, New York 11566
                        (516/ 571-6190)

TO: (via ECF)
The Law Offices of Robert T. Bean
Attorney for Plaintiff
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414