# EXHIBIT 3

Exhibit 3, Handbook

# NASSAU COUNTY POLICE DEPARTMENT

# PISTOL LICENSE SECTION

# HANDBOOK



**EDWARD P. MANGANO**
COUNTY EXECUTIVE

**THOMAS C. KRUMPTER**
ACTING COMMISSIONER OF POLICE

Revised August 7, 2014

7. In the event that a licensee is unable to produce a firearm upon request by a police officer or other member of law enforcement, or if the licensee is unable to locate a firearm or cannot account for the firearm's whereabouts, it will be considered a "Failure to Safeguard a Firearm" and the pistol license will be subject to suspension and/or revocation.

8. A pistol licensee shall not take possession of a firearm prior to obtaining a "Purchase Document" from the NCPD Pistol License Section.

9. A pistol licensee shall not misuse a pistol license or firearm.

10. All pistol licensees are required to comply with the geographic restrictions as set forth in this chapter in the section entitled "Where Valid" (see Section A of this chapter).

11. In the event that the NCPD Pistol License Section contacts, or attempts to contact, a pistol licensee or applicant (whether in person, by mail, email or telephone), the licensee/applicant must be responsive within three (3) business days to any and all inquiries and/or requests.

D. **DOMESTIC VIOLENCE AND ORDERS OF PROTECTION**

The policy of the Nassau County Police Department is to take a proactive stance against domestic violence, specifically to protect victims of domestic violence, enforce laws and prevent future violence. Therefore, upon notification of any domestic situation where violence is threatened or alleged to have occurred or upon notification of the existence of a volatile domestic situation, the Nassau County Police Department will require the surrender of the pistol license and firearm(s) *as well as rifles and shotguns* of any involved licensee pending an investigation into the facts and circumstances of the domestic incident and ongoing domestic relations of the licensee and other involved party(ies). Nassau County Police Department policy requires an investigation before reinstatement of the pistol license can be authorized. The license and firearm(s) as well as any rifles or shotguns will be returned only after a thorough investigation reveals that there are no compelling reasons for continuing the suspension.

The issuance of an Order of Protection or a Temporary Order of Protection naming the licensee as respondent will result in the immediate suspension of a license and surrender of a licensee's firearm(s) as well as rifles and shotguns. The license will remain suspended until the Order expires or is vacated by the issuing court, and a thorough investigation is completed.

23

E. **INCIDENTS REQUIRING REPORTING TO NCPD PISTOL LICENSE SECTION**

A licensee is required to report to the NCPD Pistol License Section within three (3) business days, unless otherwise specifically noted in this Handbook, his or her involvement in any of the following instances:

1. Any discharge of a firearm by a licensee or involving one of licensee's firearms (except while lawfully target shooting or hunting).

2. A lost, stolen or mutilated pistol license.

3. A lost or stolen firearm.

   Note: With regard to 1, 2 and 3 above, the licensee is *also* required to *immediately* report to the precinct of occurrence or local police agency having jurisdiction over the incident.

4. Any arrest, indictment or conviction, *except* non-criminal traffic infractions, of the licensee in any court or jurisdiction.

5. Any domestic incident involving a licensee and police presence.

6. The issuance of a Warrant, Field Appearance Ticket, Order of Protection or Temporary Order of Protection involving a licensee or a household member of licensee.

7. Change of business or residential address (licensee must report to the Pistol License Section within ten (10) business days).

8. Change of business or residential telephone number (licensee must report to the Pistol License Section within ten (10) business days).

9. Change of business or personal name (licensee must report to the Pistol License Section within ten (10) business days).

10. A Business licensee is no longer employed in the business for which the license was issued (licensee must report to the Pistol License Section within ten (10) business days).

11. Any incapacitating illness or injury that would preclude the proper safeguarding of a firearm(s) (licensee must report to the Pistol License Section as soon as feasible).

12. When the licensee or a member of the licensee's household receives professional treatment for mental health issues (including depression).

13. When the licensee or a member of the licensee's household is admitted to any public or private hospital for treatment of mental health issues.

14. Should it become apparent that a member of the licensee's household is the unlawful user of marijuana or its derivatives, narcotics or any controlled substances as defined by 21 U.S.C. § 802 and/or NYSPL Article 220, or is arrested for use or possession of the same.

15. The confiscation of a pistol license and/or firearm by law enforcement.

16. The surrender of a pistol license and/or firearm to law enforcement.

17. The sale, transfer or disposition of a firearm (licensee must report to the Pistol License Section within ten (10) business days).

Note: The licensee is responsible for making proper notifications to the NCPD Pistol License Section. The licensee is not to assume that other law enforcement agencies or the Nassau County Police Department will make the necessary notification on the licensee's behalf. Failure to make timely and proper notifications in the aforementioned circumstances may be cause for suspension and/or revocation of a pistol license.

F. **FIREARMS, RIFLES, SHOTGUNS OR MACHINE GUNS SURRENDERED TO, OR REMOVED BY, THE NASSAU COUNTY POLICE DEPARTMENT**

A licensee whose pistol license is suspended or revoked for any reason is not only required to surrender their license and handguns *but also* their rifles, shotguns or machine guns to the licensing authority (the Nassau County Police Department).

**Penal Law § 265.20(a)(1)(f)** reads as follows:

*(f) A person voluntarily surrendering such weapon, instrument, appliance or substance, provided that such surrender shall be made to the superintendent of the division of state police or a member thereof designated by such superintendent, or to the sheriff of the county in which such person resides, or in the county of Nassau or in the towns of Babylon, Brookhaven, Huntington, Islip and Smithtown in the county of Suffolk to the commissioner of police or a member of the police department thereof designated by such commissioner, or if such person resides in a city, town other than one named in this subparagraph, or village to the police commissioner or head of the police force or department thereof or to a member of the force or department designated by such commissioner or head; and provided, further, that the same shall be surrendered by such person in accordance with such terms and conditions as may be established by such superintendent, sheriff, police force or department. Nothing in this paragraph shall be construed as granting immunity from prosecution for any crime or offense except that of unlawful*

> *possession of such weapons, instruments, appliances or substances surrendered as herein provided. A person who possesses any such weapon, instrument, appliance or substance as an executor or administrator or any other lawful possessor of such property of a decedent may continue to possess such property for a period not over fifteen days. If such property is not lawfully disposed of within such period the possessor shall deliver it to an appropriate official described in this paragraph or such property may be delivered to the superintendent of state police. Such officer shall hold it and shall thereafter deliver it on the written request of such executor, administrator or other lawful possessor of such property to a named person, provided such named person is licensed to or is otherwise lawfully permitted to possess the same. <u>If no request to deliver the property is received by such official within one year of the delivery of such property, such official shall dispose of it in accordance with the provisions of section 400.05 of this chapter.</u>*

If these items are not surrendered they are to be removed and declared a nuisance by any police officer or peace officer acting pursuant to his or her special duties. Relevant sub-sections of **Penal Law§ 400.05** read as follows:

> *1. Any weapon, instrument, appliance or substance specified in article two hundred sixty-five, when unlawfully possessed, manufactured, transported or disposed of, or when utilized in the commission of an offense, is hereby declared a nuisance. When the same shall come into the possession of any police officer or peace officer, it shall be surrendered immediately to the official mentioned in paragraph (f) of subdivision one of section 265.20, except that such weapon, instrument, appliance or substance coming into the possession of the state police shall be surrendered to the superintendent of state police.*

> *2. The official to whom the weapon, instrument, appliance or substance which has subsequently been declared a nuisance pursuant to subdivision one of this section is so surrendered shall, <u>at any time but at least once each year, destroy the same or cause it to be destroyed, or render the same or cause it to be rendered ineffective and useless for its intended purpose and harmless to human life.</u>*

> *3. Notwithstanding subdivision two of this section, the official to whom the weapon, instrument, appliance or substance is so surrendered shall not destroy the same if (a) a judge or justice of a court of record, or a district attorney, shall file with the official a certificate that the non-destruction thereof is necessary or proper to serve the ends of justice; or (b) the official directs that the same be retained in any laboratory conducted by any police or sheriff's department for the purpose of research, comparison, identification or other endeavor toward the prevention and detection of crime.*

*6. A firearm or other weapon which is surrendered, or is otherwise voluntarily delivered pursuant to section 265.20 of this chapter and which has not been declared a nuisance pursuant to subdivision one of this section, <u>shall be retained by the official to whom it was delivered for a period not to exceed one year. Prior to the expiration of such time period, a person who surrenders a firearm shall have the right to arrange for the sale, or transfer, of such firearm to a dealer in firearms licensed in accordance with this chapter or for the transfer of such firearm to himself or herself provided that a license therefor has been issued in accordance with this chapter. If no lawful disposition of the firearm or other weapon is made within the time provided, the firearm or weapon concerned shall be declared a nuisance and shall be disposed of in accordance with the provisions of this section.</u>*

## CHAPTER 3: <u>FIREARMS GUIDELINES FOR LICENSEES</u>

### A. <u>PURCHASING FIREARMS</u>

The following is the proper procedure for the purchase of a firearm:

1. The licensee <u>pays</u> a licensed gun dealer *in full* for a firearm (*but does not* take possession of said firearm).

   Note: Licensees are only authorized to possess the firearm(s) listed on their pistol license.

   Note: A licensee is not required to purchase or own a firearm in order to receive or maintain a pistol license.

2. The licensee must respond to the NCPD Pistol License Section with the bill of sale showing the date of sale, make, model, caliber, color, barrel length and serial number.

3. The NCPD Pistol License Section prepares a "Purchase Document" and an Amendment.

   Note: A Purchase Document must have a raised Nassau County Police Department seal in order to be authentic.

4. The licensee must pay the $10.00 Purchase Document fee (for each weapon) to the NCPD Pistol License Section.

5. If the purchase was made from a licensed dealer in firearms *within* Nassau County:

    a.    The NCPD Pistol License Section adds the firearm(s) to the license.

    b.    The Purchase Document will expire ten (10) business days from the date of issuance. As such, the licensee has only ten (10) business days to pick up the new firearm(s).

    Note:    The licensee *does not* have to bring the firearm(s) back to the NCPD Pistol License Section.

6. If the purchase was made from a licensed dealer in firearms *outside* of Nassau County:

    a.    The Purchase Document will expire ten (10) business days from the date of issuance. As such, the licensee has only ten (10) business days to pick up the new firearm(s).

    b.    The licensee then has ten (10) business days to bring the firearm(s) to the NCPD Pistol License Section so the firearm(s) can be added to the license.

    Note:    THE FIREARM(S) MUST BE UNLOADED PRIOR TO BEING PRESENTED TO THE NCPD PISTOL LICENSE SECTION FOR INSPECTION.

**B.    REPORTING A LOST OR STOLEN FIREARM**

If a firearm is lost or stolen, the licensee is required to do all of the following:

1. Within twenty-four (24) hours of discovery of a lost or stolen firearm, report such information to the precinct of occurrence or local police agency where the loss occurred (failure to do so is a class A misdemeanor punishable under NYSPL § 400.10) and obtain a case report or other police report number; and

2. Notify the NCPD Pistol License Section of the police report number no later than the next business day.

**C.    SELLING OR DISPOSING OF A FIREARM**

1. To legally dispose of a firearm(s), a licensee is required to do one of the following:

    a.    Surrender the firearm(s), in a safe, *unloaded* condition to the NCPD Pistol License Section,

    b.    Sell or transfer the firearm(s) to a NYS licensed dealer in firearms,

    c. Sell or transfer the firearm(s) to a Federal Firearms License holder in a state other than New York,

        Note: A licensee may do this by common carrier or by having a local dealer in firearms transfer same to a Federal Firearms License holder outside of New York State.

    d. Sell or transfer the firearm(s) to an immediate family member,

        Note: Sales or transfers to spouses, domestic partners, children and step-children are permitted by the NY SAFE Act.

    e. Surrender the firearm(s) to a licensed gunsmith for destruction, or

    f. Place the firearm on consignment (see Section D of this chapter).

2. In addition, when legally disposing of a firearm(s), a licensee is required to do the following:

    1. All firearms transactions must occur *prior* to the expiration of a license. If the license is expired, the firearms must be *immediately* surrendered to the NCPD as described above.

    2. A bill of sale or dealer's receipt must accompany all sales of firearms, and must be submitted to the NCPD Pistol License Section in person along with the license for amendment within ten (10) business days.

Note: A violation of the above procedures may result in criminal charges for a class A misdemeanor as defined under NYSPL § 265.10(7) and immediate suspension to the license (see also NYSPL § 400.00(15)). A revocation of the license may also result.

### D.   CONSIGNMENT

The act of giving a dealer in firearms a firearm to display for sale requires the licensee to respond within ten (10) business days to the NCPD Pistol License Section to file a Notification of Amendment form ($10.00 fee) to delete the firearm from their license. The dealer must issue a receipt to the licensee for the firearm and is also required to enter the firearm transaction into the Federal and New York State Record Dealer Book. Although this type of transaction often does not involve money or trade, the NCPD Pistol License Section considers this transaction to be a "sale." Therefore, should the licensee want the firearm returned, he or she would be required to obtain a purchase document prior to its return.

E. **REGISTERING A DECEASED PERSON'S FIREARM**

NYSPL § 265.20(1)(f) allows the executor, administrator or any other lawful possessor of the estate of a deceased pistol license holder fifteen (15) days to lawfully dispose of the deceased's firearm(s).

1. To legally dispose of a firearm(s), the executor, administrator or any other lawful possessor of the estate must:

   a. Sell the deceased's firearm(s) to a NYS licensed dealer.

      Note: Transfers to spouses, domestic partners, children and step-children are also permitted by the NY SAFE Act.

   b. Surrender the deceased's firearm(s) to the NCPD Pistol License Section to be destroyed.

   Note: If a firearm is not legally disposed of within fifteen (15) days, the firearm MUST be surrendered within three (3) business days to any precinct of the Nassau County Police Department or to the NCPD Pistol License Section. This allows family members to surrender the deceased's firearms to the police department without fear of any prosecution.

2. After legally disposing of the firearm(s), the executor of the estate or a family member of the deceased must surrender, in person or by mail, to the NCPD Pistol License Section, the deceased's pistol license with a document showing the disposition of the firearm(s).

3. If the weapons are in the possession of the Nassau County Police Department, the following documents must be obtained before the firearm(s) will be released:

   1) a copy of the preliminary letters of administration or testamentary,

   2) a copy of the Last Will & Testament,

   3) a copy of the Death Certificate, and

   4) a notarized letter from the executor/executrix of the estate stating he or she is turning a firearm(s) over to such person (list each one).

F. **PURCHASING AMMUNITION**

As per NYSPL § 400.03, all ammunition purchases must be made from or conducted through a New York State Dealer in Firearms or New York State Seller of Ammunition as defined by that section. All ammunition transactions require prior authorization and entry into a statewide database created and monitored by the New

York State Police. No commercial transfer of ammunition shall take place unless a licensed dealer in firearms or registered seller of ammunition acts as an intermediary between the transferor and the ultimate transferee of the ammunition for the purposes of contacting the statewide license and record database pursuant to NYSPL § 400.03. Such transfer between the dealer or seller and transferee must occur in person.

G. **UNITED STATES CODE TITLE 18, PART I, CHAPTER 44**

Pursuant to Federal Law, a NICS (National Instant Criminal Background Check Systems) check must be completed in order for a licensed firearms dealer to transfer any firearm. It may take up to three (3) business days to receive a response from NICS, which will either authorize or deny the release of a firearm to an individual.

Note: Licensees are required to notify the NCPD Pistol License Section of a NICS denial within one (1) business day of same.

Note: If a licensee wishes to sell or transfer a firearm(s) to a licensed firearms dealer or another licensee outside of New York State, he or she must conduct this transaction through a licensed firearms dealer in New York State. The firearms provisions enunciated in Title 18, Part I, Chapter 44 of the United States Code can be viewed at http://uscode.house.gov/.

## CHAPTER 4:     ADMINISTRATIVE PROCEDURES

A. **CHANGE OF ADDRESS**

1. Should a licensee change his or her residence (or business address) from the address listed on the license, he or she must *personally appear* with the pistol license at the NCPD Pistol License Section no later than ten (10) business days after the change becomes effective.

2. The licensee will be required to submit the following to the Pistol License Section:

    a) a valid NYS DMV Drivers License or Identification Card verifying the new address,

    b) a utility bill, lease agreement or deed displaying the licensee's name, and

    c) the $10.00 Amendment fee.

Note: If the licensee relocates outside of Nassau County, instructions regarding a records transfer or cancellation must be followed (see Section D of this chapter).

Note: If a licensee resides with another person or persons 18 years of age or older (i.e. friends, roommates, relatives), the licensee must submit to the NCPD Pistol License Section, *notarized* letters from any and all such persons, stating they are aware the licensee will possess a firearm in the residence.

B. **BUSINESS NAME CHANGE/NATURE OF BUSINESS CHANGE**

If the name of a business listed with the NCPD Pistol License Section is changed, the licensee must *personally appear* with his or her pistol license at the Pistol License Section no later than ten (10) business days after the change becomes effective. Verifying documents regarding the name change will be required. The documents must contain the new name and be accompanied by new proof of a *legitimate business need* (see Chapter 1, Section B, Sub. 2 "Business License").

If the nature of a business changes, the licensee must contact the Pistol License Section within ten (10) business days and follow the same procedure as outlined above for a name change.

Note: An Amendment Fee ($10.00) shall apply in the event of a business name or nature of business change.

C. **NAME CHANGE**

In the event a licensee legally changes his or her name, the licensee must notify the NCPD Pistol License Section within ten (10) business days and provide documentation verifying the name change.

Note: An Amendment Fee ($10.00) applies for a name change.

D. **RECORDS TRANSFER TO ANOTHER JURISDICTION**

If a licensee should move out of Nassau County and relocate within New York State, NYSPL § 400.00(d)(5) allows the licensee to transfer their *application or records* (not their license) to the appropriate licensing agency in the new county of residence. In order to accomplish this, a licensee must notify the NCPD Pistol License Section within ten (10) business days of their moving and file a transfer of record form along with the applicable $5.00 fee.

Note: A licensee can simply send a letter to the NCPD Pistol License Section, including their new address and telephone number, a copy of their pistol license and a check made payable to "NCPD" in the amount of $5.00.

# CHAPTER 5: FIREARMS INFORMATION

### A. BLACK POWDER FIREARMS

Current statutes exempt black powder firearms from the existing licensing requirements, however please note that persons intending to load and fire these weapons, or persons who possess components required to do so, MUST register these firearms.

### B. ASSAULT WEAPONS

NYSPL § 265.00(22) defines what is considered to be an "assault weapon" within the State of New York. NYSPL § 400.00(16)(a) authorizes individuals who lawfully possessed an assault weapon prior to January 15, 2013 to continue to lawfully possess said weapon if they properly registered it on or before April 15, 2014 in accordance with that section.

> *If an assault weapon was not duly registered prior to April 15, 2014, it is imperative that such registration be completed without delay.*

The registration of assault weapons can be completed by submitting the requisite form via mail or online through the New York State Police ("NYSP") at https://firearms.troopers.ny.gov/safeact/welcome.faces. The registration for an assault weapon must be renewed every five (5) years. A person who acquired an assault weapon after January 15, 2013 is subject to full criminal liability for possessing the weapon unless he or she is covered by one of the exemptions in NYSPL § 265.20. Notification of the lawful disposal of an assault weapon must also be made to the NYSP within seventy-two (72) hours of the disposal. This form may be found at http://www.governor.ny.gov/nysafeact/gun-owners.

Current and retired police officers and federal law enforcement officers should refer to Section D of this chapter for information regarding assault weapons and large capacity ammunition devices.

### C. LARGE CAPACITY AMMUNITION FEEDING DEVICES

NYSPL § 265.00(23) defines a "large capacity ammunition feeding device" as any "magazine, belt, drum, feed strip, or similar device, that has a capacity of, or that can be readily restored or converted to accept, more than ten rounds of ammunition."

> *It is now unlawful to possess any large capacity ammunition feeding device.*

Any magazine, belt, drum, feed strip, or similar device with a capacity over ten (10) rounds must have either been rendered permanently incapable of accepting more than ten (10) rounds or have been lawfully disposed of prior to January 15, 2014.

***It is also unlawful to possess any magazine, belt, drum, feed strip, or similar device <u>loaded</u> with more than seven (7) rounds of ammunition, other than at a designated firing range or at certain sanctioned shooting events.***

Note: These restrictions and definitions do not apply to attached tubular devices capable of operating only with .22 caliber rimfire ammunition or a feeding device that is a curio or relic.

Current and retired police officers and federal law enforcement officers should refer to Section D of this chapter for information regarding assault weapons and large capacity ammunition devices.

D. **CURRENT AND RETIRED LAW ENFORCEMENT**

1. **Current Police Officers**

While police officers may continue to legally purchase and possess assault weapons and large capacity ammunition feeding devices under the former police exemption in Penal Law § 265.20 (a) (1), this exemption only applies when the officer is an *active* police officer.

2. **Qualified Retired Law Enforcement Officers**

A retired officer who meets the definition of a "Qualified Retired New York or Federal Law Enforcement Officer" may possess a <u>registered assault weapon</u> that would otherwise be unlawful if all of the following conditions are met:

a) The retired officer **properly registers** the assault weapon **within sixty (60) days of retirement**;

b) The assault weapon is **possessed** by the retired police officer **within twelve (12) months prior to his or her retirement**;

c) The officer **must be retired** and not merely separated from service;

d) The assault weapon must have been issued to or purchased by the retired officer **in the course of his or her official duties**;

d) The officer must have been **qualified by his or her agency** in the use of the assault weapon **within twelve (12) months prior to his or her retirement.**

34

A retired officer who meets the definition of a "Qualified Retired New York or Federal Law Enforcement Officer" may possess a <u>large capacity feeding device</u> that would otherwise be unlawful if all of the following conditions are met:

a) the device was issued to such officer or purchased by such officer **in the course of his or her official duties**;

b) the device was **owned** by such officer **at the time of his or her retirement**;

c) the agency that employed the officer **qualified** such officer in the use of the weapon which accepts such device in accordance with applicable state or federal standards for active duty law enforcement officers **within twelve (12) months prior to his or her retirement**; and

d) such retired officer meets, at his or her own expense, such applicable standards for such weapon **at least once within three years after his or her retirement date and at least once every three years thereafter**, provided, however, that any such qualified officer who has been retired for eighteen (18) months or more on the effective date of this subdivision shall have eighteen (18) months from such effective date to qualify in the use of the weapon which accepts such large capacity ammunition feeding device notwithstanding that such officer did not qualify within three years after his or her retirement date, provided that such officer is otherwise qualified and maintains compliance with these.

## CHAPTER 6: DEALER, RANGE AND GUN SHOW INFORMATION

### A. DEALER LICENSE FORM

The NYS Gunsmith and Dealer In Firearms License issued by the NCPD as per NYSPL § 400.00(7) is valid only for the specific address for which it was issued. *All dealer transactions must be done at the licensed premise.* A Gunsmith and Dealer In Firearms License is not transferable to any other person or premise.

Note:   See GUN SHOW OR EVENT exception at Section F of this chapter.

### B. DEALER LICENSE/SIGN EXHIBITION AND DISPLAY

A Gunsmith and Dealer In Firearms License shall be prominently displayed at the licensed premise. The license must also be prominently displayed at an authorized gun show or event. Failure of any licensee to exhibit or display his or her license shall be presumptive evidence that he or she is not duly licensed.

Any person, firm or corporation engaged in the retail business of selling rifles, shotguns or firearms, as such terms are defined in NYSPL § 265.00, shall, in the place

where such rifles, shotguns or firearms are displayed or transferred to the purchaser, post a notice conspicuously stating the following in bold print:

> **THE USE OF A LOCKING DEVICE OR SAFETY LOCK IS ONLY ONE ASPECT OF RESPONSIBLE FIREARM STORAGE. FOR INCREASED SAFETY, FIREARMS SHOULD BE STORED UNLOADED AND LOCKED IN A LOCATION THAT IS BOTH SEPARATE FROM THEIR AMMUNITION AND INACCESSIBLE TO CHILDREN AND ANY OTHER UNAUTHORIZED PERSON.**

C.  **DEALER GUN RENTALS AT RANGES**

Dealers may rent firearms to licensees as long as the range at which they will be shooting is *on the premises of the dealer*. The firearm may not leave the premises while under the rental agreement and the dealer must utilize a log that will contain the date, firearm make, model, serial number, name and license or shield number of renter.

D.  **PISTOL RANGES**

NYSPL § 265.20 Exemptions

265.20(7) Possession, at an indoor or outdoor shooting range for the purpose of loading and firing, of a rifle or shotgun, the propelling force of which is gunpowder by a person under sixteen years of age but not under twelve, under the immediate supervision, guidance and instruction of (a) a duly commissioned officer of the United States army, navy, air force, marine corps or coast guard, or of the national guard of the state of New York; or (b) a duly qualified adult citizen of the United States who has been granted a certificate as an instructor in small arms practice issued by the United States army, navy, air force or marine corps, or by the adjutant general of this state, or by the national rifle association of America, a not-for-profit corporation duly organized under the laws of this state; or (c) a parent, guardian, or a person over the age of eighteen designated in writing by such parent or guardian who shall have a certificate of qualification in responsible hunting, including safety, ethics, and landowner relations-hunter relations, issued or honored by the department of environmental conservation; or (d) an agent of the department of environmental conservation appointed to conduct courses in responsible hunting practices pursuant to article eleven of the environmental conservation law.

265.20(7-a) Possession and use, at an indoor or outdoor pistol range located in or on premises owned or occupied by a duly incorporated organization organized for conservation purposes or to foster proficiency in small arms or at a target pistol shooting competition under the auspices of or approved by the national rifle

association for the purpose of loading and firing the same, by a person duly licensed to possess a pistol or revolver pursuant to section 400.00 or 400.01 of this chapter of a pistol or revolver duly so licensed to another person who is present at the time.

265.20(7-e) Possession and use of a pistol or revolver, at an indoor or outdoor pistol range located in or on premises owned or occupied by a duly incorporated organization organized for conservation purposes or to foster proficiency in small arms or at a target pistol shooting competition under the auspices of or approved by an association or organization described in paragraph 7-a of this subdivision for the purpose of loading and firing the same by a person at least fourteen years of age but under the age of twenty-one who has not been previously convicted of a felony or serious offense, and who does not appear to be, or pose a threat to be, a danger to himself or to others; provided however, that such possession shall be of a pistol or revolver duly licensed to and shall be used under the immediate supervision, guidance and instruction of, a person specified in paragraph seven of this subdivision.

E.  **GUN SHOW OR EVENT**

NYSPL § 400.00(8) allows a gunsmith or dealer in firearms to conduct business temporarily at a location other than the location specified on the license if such temporary location is the location for a gun show or event sponsored by any national, state, or local organization, or any affiliate of any such organization devoted to the collection, competitive use or other sporting use of firearms. The license, or a photocopy of same, must be prominently displayed while at the temporary location. Records of receipt and disposition of firearm transactions conducted at such temporary locations shall include the location of the sale or other disposition and shall be entered in the permanent records of the gunsmith or dealer in firearms and retained on the location specified on the license.

Note:   Nothing in this Handbook shall authorize any licensee to conduct business from any motorized or towed vehicle. Any inspection or examination of inventory or records under this Handbook at such temporary location shall be limited to inventory consisting of, or records related to, firearms held or disposed at such temporary locations.

Note:   *Failure of any licensee to so exhibit or display his or her license shall be presumptive evidence that he or she is not duly licensed.*

NYS General Business Law § 897: Sale of a firearm, rifle or shotgun at a gun show

1. A national instant criminal background check shall be conducted and no person shall sell or transfer a firearm, rifle or shotgun at a gun show, except in accordance with the provisions of 18 U.S.C. § 922(t).

37

2. No person shall offer or agree to sell or transfer a firearm, rifle or shotgun to another person at a gun show or dealer show location and transfer or deliver such firearm, rifle or shotgun to such person or person acting on his or her behalf thereafter for the purpose of evading or avoiding compliance with 18 U.S.C.§ 922(t).

3. Any person who knowingly violates any of the provisions of this section shall be guilty of a class A misdemeanor punishable as provided in the penal law.

## CHAPTER 7: ADDITIONAL PERTINENT INFORMATION

### A. THE NEW YORK SECURE AMMUNITION AND FIREARMS ACT (SAFE)

The NY SAFE Act, signed into law on January 15, 2013, amended various provisions of New York law in relation to firearms, long guns, assault weapons and ammunition. The Act was intended to enhance public safety by:

- Expanding the classification of those weapons considered to be assault weapons and restricting access, possession and transfer of these weapons.

- Providing safeguards, through implementation of a new statewide database, to help ensure that individuals who are not qualified to possess certain weapons or ammunition do not obtain access to these weapons.

- Restricting the types of magazines that individuals are allowed to possess and limiting the number of rounds permitted to be loaded in a magazine.

- Extending the requirement of a NICS check, formerly applicable only to commercial sales, to private sales of firearms subject to certain exceptions.

- Requiring those with existing firearms licenses (pistol permits) to renew or recertify these permits every five (5) years.

- Establishing several new Penal Law offenses and enhancing the penalties for existing offenses.

- Exempting records relating to the Act from public disclosure and providing all permit holders and applicants with an opportunity to ensure that any county records relating to their individual permit or application will also be exempt from the NY State FOIL provisions.

Note:   It is the *licensee's responsibility* to be fully familiar, and in compliance, with all relevant provisions of the NY SAFE Act, as well as all applicable New York State laws, rules and regulations pertaining to the ownership, use



and possession of firearms (www.governor.ny.gov/nysafeact/gun-reform) (Questions? Call 1-855-LAW-GUNS).

## B. THE FREEDOM OF INFORMATION LAW (FOIL)

The NY SAFE Act protects the privacy of licensees by permitting them to notify a County Clerk that they do not wish for their information to be released publicly under FOIL (Article 6, New York State Public Officers Law). Current licensees and new applicants may make this notification at any time to the NCPD Pistol License Section, using a form approved by the Superintendent of the New York State Police. The NCPD Pistol License Section provides this form with all application packets and it is available online at www.pdcn.org. The form can also be found at the NY SAFE Act website at www.nysafeact.com.

## C. FIREARM SAFETY TRAINING

Safety training is extremely important and every licensee is encouraged to participate in some type of firearms safety training.

**In addition to being available for viewing online at www.pdcn.org, this Pistol License Handbook must be printed and available at the Nassau County Police Department Pistol License Section.**