**EDWARD MANGANO**
County Executive



**CARNELL T. FOSKEY**
County Attorney

COUNTY OF NASSAU
OFFICE OF THE COUNTY ATTORNEY
One West Street
Mineola, New York 11501-4820
516-571-3056
FAX: 516-571-3058

September 4, 2015

**VIA ECF**
Hon. Arthur D. Spatt
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: *Carroll v. Krumpter, et. al.*
15-CV-1550 (ADS) (ARL)

Dear Judge Spatt:

This office represents Thomas C. Krumpter, Steven E. Skrynecki, the Nassau County Police Department, Daniel P. Flanagan and Officer Budinilic ("Defendants") in the above referenced matter and respectfully request that the Court accept County Defendants opposition to plaintiff's request for a Preliminary Injunction, *nunc pro tunc*, for in accordance with Your Honor's Individual Rules. Defendants oppose plaintiff's application for a preliminary injunction as, given the facts alleged in plaintiff's Complaint, plaintiff cannot meet the requirements for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy." *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the injunction; (3) that the balance of hardships in the movant's favor; and (4) that the public interest is not disserved by the issuance of the injunction. *Juicy Couture, Inc. v. Bella Intern Ltd.,* 930 F. Supp. 2d 489, 498 (S.D.N.Y. 2013); *Salinger v. Colting,* 607 F.3d (S.D.N.Y. 2013); *Salinger v. Colting,* 607 F.3d 68, 79–80 (2d Cir. 2010); *Bulman v. 2BKCO, Inc.,* 882 F.Supp.2d 551, 557 (S.D.N.Y. 2012). A court can also grant a preliminary conjunction "in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claim, but where the costs outweigh the benefits of not granting the injunction." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598 F.3d 30, 35 (2d Cir. 2010). The party seeking the injunction must demonstrate "by a clear showing" that the necessary elements are satisfied. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997).

In this case, plaintiff cannot meet the requirements needed for the Court to issue a preliminary injunction. In his motion for a preliminary injunction [DE 6, 7] filed May 15, 2015 plaintiff seeks seven

Carroll v. Krumpter, et al
Letter to Judge Spatt
September 4, 2015

forms of relief. The first is to prevent defendants "[f]rom destroying firearms seized by defendants from the plaintiff." The second is to prevent defendants "[f]rom retaining possession of the said arms." Since the time plaintiff filed his motion on May 15, 2015, Defendants have provided Plaintiff's counsel with documentation which requires the signature of Plaintiff's mother and anyone else residing with Plaintiff before his long guns can be returned. In addition, Plaintiff is required to provide a letter detailing the incident that lead to the confiscation of his long guns together with the reasons that why his long guns should be returned to him as well as his plan to fully secure the guns before they can be returned to him. To date, none of the required documentation has been provided to the police department. Since plaintiff's own inaction has prevented the return of his long guns, plaintiff cannot meet the requirement of "irreparable harm in the absence of the injunction," *Juicy Couture,* 930 F. Supp.2d at 498.

The third form of relief plaintiff seeks in his motion is to prevent defendants "[f]rom searching for firearms in the home of plaintiff and other similarly situated persons, without cause, where there is no Order of Protection, no domestic violence, and no arrest or charges filed." Here, plaintiff cannot meet any of the four required elements to warrant a preliminary injunction, either on his behalf, of on the behalf of "other similarly situated persons."

Police officers responding to the scene of reported domestic violence, as all police officers, are charged with the duty to "preserve the public peace, prevent crime, protects the rights of persons and property, and guard the public health." *Nassau County Administrative Code* §8-22.0, "Duties of Police Department." Nassau County police officers undergo extensive training in order to fulfill this mission, and are required to use their discretion and professional judgment in protecting the public, especially in situations where violence is at issue. The fatal flaw in plaintiff's third request for injunctive relief is that he asks the Court to bar the police from searching his and others' homes *"without cause"* and *"where there is no domestic violence."* (Emphasis added.) It is the police officer's responsibility to determine whether cause exists to search a home for firearms, especially in the event of domestic violence. Thus, plaintiff is not likely to succeed on the merits of this claim for relief, since the search is warranted; there is no irreparable harm in the officers' entering his house; for purposes of preserving lives and the public peace, the balance hardships tips in defendants' favor as opposed to plaintiff's right to privacy in his home; and for this same reason, to permit defendants to preserve lives and the public peace, the public would be disserved if an injunction were issued.

The same analysis applies even more so to the fourth branch of relief sought, to prevent defendants from seizing firearms. Once again, it is the police officer's sworn duty to protect the public by preventing gun violence in responding to reports of domestic violence, and it is for the officer to employ his discretion and professional judgment in removing the threat of further violence from guns found in the home. Therefore, on the fourth claim for relief, plaintiff is not likely to succeed on the merits; there is no irreparable harm since, as explained below, defendants' policy for return of seized firearms comports with the Constitution; the balance of hardship tips in favor of the police protecting the public peace; and the public will be disserved if police are prevented from removing firearms in cases of domestic violence.

Moreover, a preliminary injunction is not warranted as to the fifth form of relief, in which plaintiff seeks an order to prevent defendants "[f]rom continuing its policy of confiscating firearms in the even[t] of

2

Carroll v. Krumpter, et al
Letter to Judge Spatt
September 4, 2015
any 'domestic incident' with a 'police presence even if there is no crime, no violence and no Order of

Protection." Again, in the interest of preserving lives and the public peace, it is the officer's responsibility to determine if there is a threat of violence from guns even in the absence of a crime or Order of Protection.

      The sixth form of relief is moot, since plaintiff's own inaction has prevented the return of his long guns, plaintiff cannot meet the requirement of "irreparable harm in the absence of the injunction". As previously held by this Court, in order to establish an injury 'such injury must be 'neither remote nor speculative, but actual and imminent and …cannot be remedied by an award of monetary damages.'" *Weinstein v. Thomas C. Krumpter, at el.* 14-cv-7210. A bare assertion of constitutional injury, without evidence "convincingly show[ing]" the existence of noncompensable damages, is insufficient to automatically trigger a finding of irreparable harm. *KM Enters. V. McDonald,* 11-cv-5098, 2012 U.S. Dist. LEXIS 20469, at *10-*11 (E.D.N.Y. Feb. 16, 2012 (Spatt, J.). Here, not only does plaintiff fail to show irreparable harm, it is plaintiff's own inaction which has delayed the investigation in this matter and therefore has delayed the return of his guns. As such, a preliminary injunction is inappropriate. This is especially true since the Complaint makes a claim for both compensatory and punitive damages. *See* DE 1, ¶ 42.

      As to plaintiff's seventh and final form of requested relief, no preliminary injunction is warranted. Plaintiff would have this Court impose upon the Police Department, in the event of confiscation, a ten-day deadline to return seized firearms to their owner, and further, if the firearms were retained past the ten days, a hearing before a judicial hearing. Plaintiff is not likely to succeed on the merits of this claim for relief. Following this Court's decision in *Razzano v. County of Nassau*, 765 F. Supp.2d 176 (E.D.N.Y. 2011), the Police Department revised its policies regarding seizure and return of firearms to include the Court's instructions. As the Court may see in Exhibit "A" annexed hereto, Police Department Procedure OPS 10023, originally enacted in August 2011 and revised on May 11, 2012, the Police Department has created the position of Domestic Liaison Coordinator, usually the Deputy Commanding Officer, for each police precinct in Nassau County (page 3, § C, "Rifles and Shotguns Investigation").

      It is the responsibility of the Precinct Domestic Incident Liaison Officer, as a neutral judge who had absolutely nothing to do with confiscation of firearms in any domestic incident, to review the circumstances of such confiscation; determine if the confiscation was appropriate; and "Ensure the immediate return of confiscated rifles and shotguns in the following situations: (a) confiscation was inappropriate, (b) new information is learned which makes the confiscation inappropriate." The Domestic Incident Liaison Officer further undertakes additional steps in conjunction with the Patrol Division Domestic Incident Coordinator (Ex. A, § C, steps 4-27) to ensure timely return of confiscated longarms, where appropriate. In this manner, the Police Department has implemented the Court's directive to implement timely and constitutionally compliant procedures.

      Further, although plaintiff provides affirmations of Marc Weinstein and William Livore, and brings a motion on behalf of "other similarly situated persons", they are not plaintiff's in the within action. In fact, the Complaint in this matter only includes allegations relating to Carroll. Additionally, there has been no motion for class certification.

Carroll v. Krumpter, et al
Letter to Judge Spatt
September 4, 2015

      For these reasons, plaintiff cannot demonstrate by a "clear showing" that he is entitled to a preliminary injunction.  He is not likely to succeed on the merits, there is no irreparable harm, the balance of hardships tips in favor of defendants, who are charged with protecting lives and the public peace, and the public would be disserved by granting the injunction, in that an injunction as proposed by plaintiff would completely disrupt the effectiveness of the Police Department's policy of balancing the need to prevent domestic violence, with an individual's right to possess longarms where, in the professional judgment of the Police Department, no further threat of domestic violence exists.  Therefore, plaintiff's motion for a preliminary injunction should be denied

      As always, defendants thank Your Honor for your attention and consideration in this matter.

                                                  Respectfully submitted,
                                                  *Diane C. Petillo*
                                                  Diane C. Petillo
                                                  Deputy County Attorney

cc:  Robert T. Bean, Esq.
     Attorney for Plaintiff (via ECF)