**Law Office of Robert T. Bean**
3033 Brighton 3rd Street
Brooklyn, New York 11235
718-616-1414

Cell Phone: 484-838-9464    Fax: 718-368-0981     Of Counsel for
E-Mail: RBeanlaw@aol.com                           Tanya Gendelman, P. C.

9- 10-15

<u>Via ECF</u>
Hon. Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

                                                Re: Carroll v. Krumpter 15 cv 1550 (ADS) (ARL)

Dear Judge Spatt,

      I file this Reply to Defendants' Letter Opposition to Plaintiff's Motion for Preliminary Injunction pursuant to Local Civil Rule 6.1 (b). Since Defendants' Opposition was made in letter form, Plaintiff will Reply in the same format.

      I address the factual inaccuracy of Defendants' Reply. In their Reply Defendants allege that Plaintiff failed to co-operate in the investigation regarding the return of his guns. First the incident did not involve "domestic violence" but was a report of a "stolen gun". Second, Plaintiff complied with every request made to him. When his firearms were taken he was given a receipt (Exhibit 1-A) which stated that "this Department well be forwarding to the above address a Long Gun Review Record form". He was to complete and return it to the Department. The receipt further states that if legal disposition was not made in one year (from September 30, 2014) the guns "will be destroyed".

      When he received and heard nothing from the Department in over a month, he went to the First Precinct on November 8, 2014 try to get his firearms returned. He was told to contact officer Gisondi. At the time Gisondi was not available. He left his phone number for Gisondi to call him. Gisondi never called. Plaintiff patiently waited for six months and heard absolutely nothing from the Department. As half of the one year deadline for the destruction of his firearms (long guns) had run, Plaintiff filed suit, having no other identifiable alternative. (Declaration of Carroll, Ex 1).

      Plaintiff finally heard from Officer Gisondi after he filed this lawsuit and after making his Motion for Preliminary Injunction. On May 29, 2015 he received the Long Gun Review Record form (Exhibit 1-B) which he completed and returned to Officer Gisondi on June 2, 2015.

Reply, Motion for Preliminary Injunction                                                 1

He received no other request for information nor did his attorney (Declaration of Robert T Bean, Exhibit 2). Defendant's in their Response are trying to shift the burden of proof onto the Plaintiff when *Razzano* clearly states the burden for retention of the long guns is on the County.

A.  Right to Injunctive Relief

The only case found with regard to injunctive relief concerning alleged violations of the Second Amendment is *Ezell v. City of Chicago* 651 f.3, 7th Cir. 2011, cited in Plaintiff's Memorandum of Law, page 11 which states:

> The Second Amendment protects similarly intangible and unquantifiable interests. *Heller* held that the Amendment's central component is the right to possess firearms for protection. 554 U.S. at 592-95, 128 S.Ct. 2783. Infringements of this right cannot be compensated by damages.

Thus irreparable harm is presumed.

B.  Defendants Have Not Complied With *Razzano* by holding a prompt post deprivation hearing. The denial of due process is continuing, entitling plaintiff to injunctive relief.

The Police Departments' revised OPS 10023, attached as an exhibit to Defendants' Response (D.I. 9), as an attempt to comply with *Razzano,* is inadequate to provide meaningful due process. If the Precinct Domestic Incident Liaison Officer is the "neutral decision maker" before who a prompt post deprivation hearing is to be held, as alleged in Defendants' Response, he should have held a hearing "promptly". What is the meaning of "prompt"? In this case he did nothing as far as Plaintiff could tell for six months. This is not to disparage Officer Gisondi who was undoubtedly acting as he understood his duty under OPS 10023. While the OPS provides no deadline for the completing of the investigation, the receipt provided to plaintiff stated a one year deadline for the destruction of his property. Is the County's delay in providing a prompt hearing, in fact doing nothing until after this suit was filed, an attempt to "run out the clock" so to speak, and destroy Plaintiff's property after the one year period has expired? Plaintiff cannot know with certainty the motion behind the County's failure to provide a hearing.

In *Panzella v. County of Nassau et al*, 13 cv 5640, EDNY, decided August 26, 2015, Long guns were confiscated in connection with an Order of Protection issued by the family court. When the Order of Protection was withdrawn, the Sheriff of Nassau County refused to return the guns. In it's Order (D.I. 79) the Court held:

> Accordingly, the Court concludes that, upon expiration of the Extension Order, plaintiff

should have been afforded a hearing consistent with the principles set forth in *Razzano*. She was not. Therefore, plaintiff's motion for summary judgment against the County on her due process claim concerning the Retention Policy is granted. The County's motion for summary judgment on that claim is denied. The County must hold a due process hearing consistent with the criteria set forth in *Razzano* within 30 days of the date of this decision.

In this case there was no order of protection, no forfeiture proceeding, no criminal action pending or any other matter to cause a delay in the post deprivation hearing. Such a hearing should have been held within 30 days of the confiscation and the Plaintiff should have been advised that he was entitled to such a hearing at the time of the confiscation.

Plaintiff, after learning that Officer Gisondi is the "neutral decision maker" charged with holding a "prompt post deprivation hearing", requested such a hearing. (Exhibit 2-B)

At the very least, Plaintiff is entitled to an order:

1. Ordering the preservation of Plaintiff's firearms (long guns) until the resolution of this case;

2. Ordering a post deprivation hearing in line with *Razzano*, within 30 days, with the County having the burden of proof with regard to the retention of the firearms.

Sincerely,

Robert T. Bean

Via ECF
Carnell T. Foskey
Nassau County Attorney
Attn.: Diane C. Petillo
Deputy Nassau County Attorney
One West Street
Mineola, New York 11566

Reply, Motion for Preliminary Injunction                                                                                3