**Law Office of Robert T. Bean**
3033 Brighton 3rd Street
Brooklyn, New York 11235
718-616-1414

Cell Phone: 484-838-9464        Fax:  718-368-0981        Of Counsel for
E-Mail: RBeanlaw@aol.com                                  Tanya Gendelman, P. C.

7-21-16

**ARLENE R. LINDSAY**
U.S. Magistrate Judge
United States District Court
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

>**Letter Motion to Compel Discovery**
>Re: Carroll v. Krumpter et al
>Docket No.: CV 15 - 01550 (ADS) (ARL)

Dear Magistrate Lindsay,

  Plaintiff, by this Letter Motion, pursuant to your Rule 2. A. 1, moves under F.R.Civ.P. 37 to compel discovery. On April 4, 2015 Plaintiff provided his Initial Disclosures to Defendants pursuant to F. R. Civ. P 26 (A)(1). No Initial Disclosures were produced by Defendants. On December 28, 2015 Plaintiff served upon counsel of record for the Defendants his Request for Production of Documents annexed hereto as Exhibit 1. No response was provided by Defendants. On February 17, 2016 counsel for Plaintiff sent the annexed "Good Faith" letter to counsel for Defendants. (Ex. 2). Since that time counsel for the Plaintiff has conferred once in person and twice by telephone with counsel for defendants, Diane Petillo. In both telephone conferences Ms. Petillo represented that responses would be forth coming in due course. So far Defendants have failed to Respond or Answer Plaintiff's Request for Production of Documents.

  Plaintiffs Request concerns documents relevant to the confiscation of Plaintiff's firearms. The requested documents are also relevant to the county's gun confiscation policy in "domestic incidents" as applied and its compliance with *Razzano v. County of Nassau*, 765 F.Supp.2d. 176, E.D.N.Y. (2011) in providing prompt post deprivation hearings before an impartial decision maker. The requested documents are also relevant to Plaintiff's *Monell* claim in its over all application county wide over time. While a policy, as written, such as OPS 10023 (D.I. 7, Ex. 2) may be constitutional as written it may be shown to be unconstitutional as applied and also shown to be adopted and applied for an unconstitutional purpose. *Daskalea v D.C.*, 227 F.3d 433 (D.C. Cir. 2000); *Marriott v. County of Montgomery*, 426 F. Supp.2d 1 (N.D.N.Y. 2006). As stated in *County of Montgomery*, "constitutional words cannot erase unconstitutional conduct".

Further, this unconstitutional application and purpose must be linked to a policy maker. *Monell v. Dept of Social Services of the City of New York, 436 U.S. 658 (1978).*

The requested documents are relevant and discoverable. Plaintiff requests the Court to order the Defendants to produce the requested documents.

Sincerely,

Robert T. Bean

Via E-Mail and ECF

Carnell T. Foskey
Nassau County Attorney
Attn. Diane Petillo
Deputy Nassau County Attorney
One West Street
Mineola, New York 11566

# EXHIBIT 1

Exhibit 1, Request for Production of Documents

**Law Office of Robert T. Bean**
3033 Brighton 3rd Street
Brooklyn, New York 11235
718-616-1414

Cell Phone: 484-838-9464   Fax: 718-368-0981        Of Counsel for
E-Mail: RBeanlaw@aol.com                             Tanya Gendelman, P. C.

12-28-15

Carnell T. Foskey
Nassau County Attorney
Attn. Diane C. Petillo
Deputy Nassau County Attorney
One West Street
Mineola, New York 11566

dpetillo@nassaucountyny.gov

Via First Class Mail
And e-mail

Re: Carroll v. Krumpter et al
Docket No.: CV 15-CV-1550 (ADS) (ARL)

Dear Ms. Petillo,

Please find enclosed Plaintiff's First Request for Documents. If any of the information and documents requested are electronically stored so as to make paper production impractical, please give me a call so we can determine a procedure to be used regarding production.

Sincerely,

Robert T. Bean

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDREW CARROLL,

    Plaintiff,

    -against-

THOMAS C. KRUMPTER, Acting Police
Commissioner, Nassau County, New York

STEVEN E. SKRYNECKI, Chief of
Department, Nassau County Police
Department,

DANIEL P. FLANAGAN, Commanding
Officer, First Precinct, Nassau County Police
Department,

Officer BUDINILIC, Badge No. 3051, First
Precinct, Nassau County Police Department

JOHN DOE, Sargent First Precinct, Nassau
Police Department,

NASSAU COUNTY POLICE
DEPARTMENT,

and

COUNTY OF NASSAU

    Defendants

CIVIL ACTION NO.

PLAINTIFF'S REQUEST FOR
PRODUCTION OF
DOCUMENTS

Jury Trial Demanded

Pursuant to Fed. R. Civ. P. 34, Plaintiff ANDREW CARROLL, by and through the undersigned attorneys, the Law Office of Robert T. Bean, hereby request that the documents described below be produced by Defendants, for inspection and copying at the

Plaintiff's Request for Production of Documents      1

offices of Robert T. Bean, 3033 Brighton 3rd Street, Brooklyn, New York 11235, on or before thirty (30) days after service hereof. The requests are to be responded to in accordance with the following Definitions.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Definitions:

1. "Incident in question" is the confiscation of the firearms of Plaintiff Andrew Carroll on September 30, 2014.

2. "Prompt Post Deprivation Hearing" means that hearing set forth in *Razzano v. County of Nassau*, No. 07-cv-3983, reported 765 F. Supp. 2d. 176 (Feb. 28, 2011).

3. "Nassau County" includes all defendants herein and any employee, agent, official, officer or contractor acting for or on behalf of Nassau County or the Nassau County Police Department.

Documents Requested:

1. The transcript and/or the recording of the 911 phone call made by Andrew Carroll on September 30, 2014.

2. Transcripts of all communications between the 911 operator and Dispatch regarding the incident in question.

3. Transcripts and/or recordings of all electronic, e-mail, text or radio communications between Officer Budinlic, badge number 3051 and/or other responding officers and Nassau County Police Department Dispatch prior to and after his visit to Plaintiff's home.

4. Transcripts, recordings or copies of all orders written or electronic given to any responding officers regarding the incident in question.

5. All written or electronic reports or documents prepared or produced by any responding officer regarding the incident in question.

6. All written or electronic reports or documents prepared or produced by DANIEL P. FLANAGAN, Commanding Officer, First Precinct, regarding the incident in question.

7. All written or electronic reports or documents obtained, reviewed or produced by Capt. Gisondi, the Domestic Incident Liaison Officer of the First Precinct, regarding the incident in question.

8. All written or electronic reports or documents, legal memoranda, meeting transcripts, regarding bringing the firearms confiscation policies of the Nassau County Police Department in compliance with the Court's Decision in *Razzano v. County of Nassau*, No. 07-cv-3983, reported 765 F. Supp. 2d. 176 (Feb. 28, 2011).

9. All written or electronic documents formulating a prompt post deprivation hearing procedure by Nassau County in compliance with *Razzano v. County of Nassau*, No. 07-cv-3983, reported 765 F. Supp. 2d. 176 (Feb. 28, 2011).

10. Copies of all request for a post deprivation hearing received from plaintiff or his attorney.

11. Copies of all Notices sent to Plaintiff by Nassau County regarding any prompt post deprivation hearing following the incident in question.

12. Transcript of any post deprivation hearing conducted following the incident in question.

13. A copy of the decision following the prompt post deprivation hearing regarding the incident in question.

14. Copies of all training or instruction material furnished to instruct and/or educate Officers of the Nassau County Police Department regarding the decisions of the Supreme Court of the United States in *District of Columbia v. Heller* 554 U.S. 570, 128 S. Ct. 2783 (2008) and *McDonald v. City of Chicago* 561 U.S. 742, 130 S. Ct. 3020 (2010) and the decision of the United States District Court, Eastern District of New York in the *Razzano* case.

15. All documents, legal memoranda or opinions prepared by the Nassau County Attorney's Office with regard to the requirement to instruct Officers of the Nassau County Police Department regarding the decisions of the Supreme Court of the United States in *Heller* and *McDonald* and the decision of the United States District Court, Eastern District of New York in the *Razzano* case with regard to firearm confiscations.

16. Copies of all instructor's notes to regarding any training or education provided to Officers of the Nassau County Police Department regarding the decisions of the Supreme Court of the United States in *District of Columbia v. Heller* 554 U.S. 570, 128 S. Ct. 2783 (2008) and *McDonald v. City of Chicago* 561 U.S. 742, 130 S. Ct. 3020 (2010) and

the decision of the United States District Court, Eastern District of New York in the *Razzano* case.

17. Copies of any receipts issued at the time of or following the confiscation of Plaintiff's firearms.

18. Copies of all compensations paid by Nassau County to the Plaintiff for the firearms which were taken by Nassau County.

Dated: Brooklyn, New York
December 28, 2015

By: /s/ Robert T. Bean
Robert T. Bean, Esq. (RB4464)
Law Office of Robert T. Bean
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414
e-mail: RBeanlaw@aol.com

To:

Via First Class Mail
And E-Mail

Carnell T. Foskey, Nassau County Attorney
Attorney for Defendants
Attn: Diane C. Petillo
Deputy Nassau County Attorney
One West Street
Mineola, New York 11566
dpetillo@nassaucountyny.gov

Plaintiff's Request for Production of Documents                    4

# EXHIBIT 2

Exhibit 2, Good Faith Letter

**Law Office of Robert T. Bean**
3033 Brighton 3rd Street
Brooklyn, New York 11235
718-616-1414

Cell Phone: 484-838-9464     Fax: 718-368-0981        Of Counsel for
E-Mail: RBeanlaw@aol.com                              Tanya Gendelman, P. C.

2-17-16

Carnell T. Foskey
Nassau County Attorney
Attn. Diane Petillo
Deputy Nassau County Attorney
One West Street
Mineola, New York 11501

**GOOD FAITH LETTER**
Re: Carroll v. Krumpter et al
Docket No.: 15-cv- 1550 (ADS) (ARL)

Dear Ms. Petillo,

Plaintiff served our Request for Production of documents on the Defendants on December 28, 2015 by e-mail and first class mail. More than 30 days has elapsed since service of these request upon you and we have received no response. Please call and confer to see if this matter can be resolved without the necessity of motion practice.

Also Magistrate Lindsey has filed a proposed scheduling order. I can agree to the order. Can you agree to this order or do you require changes?

Sincerely,

Robert T. Bean